PROB 12B
(7/93)

# United States District Court

**for the**

# District of Alaska

RECEIVED
JUN 0 9 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## Request for Modification of Conditions or Term of Probation with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Ronald J. Buckner    Case Number: J03-0009-CR (RRB)

Sentencing Judicial Officer: Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence: February 13, 2004

Original Offense: Ct 1: Possession with Intent to Distribute a Controlled Substance
Ct.2: Use of a Communication Facility to Facilitate a Drug Offense

Original Sentence: Ct. 1: 41 months imprisonment, three years supervised release
Ct. 2: 41 months imprisonment, concurrent to Ct. 1, one year supervised release, concurrent to Ct. 1

Date Supervision Commenced: March 17, 2006

## PETITIONING THE COURT

[ ] To extend the term of probation for _____ years, for a total term of ______ years.
[X] To modify the conditions of probation as follows:

"The defendant shall reside at the Residential Reentry Center (i.e. the Cordova Center) for a period up to 180 days and shall abide by the rules and regulations of the Cordova Center. Furthermore, the defendant will enter into, actively participate, and successfully complete (if possible prior to 180 days) the Moral Recognition Therapy (MRT) program offered by the facility. The defendant shall be eligible for work and treatment releases and other releases if allowed by the rules of the Cordova Center. If the defendant is able to secure a suitable residence prior to the end of the 180-day period, and be in compliance with all treatment requirements, the defendant shall be released from the Cordova Center at the discretion of the probation officer"

## CAUSE

On February 13, 2004, in the District of Alaska, the Honorable Ralph R. Beistline, U.S. District Court Judge, sentenced the defendant to 41 months imprisonment on Count One and 41 months imprisonment on Count Two; both terms to run concurrently. Further, the defendant was placed on three years supervised release on Count One and one year supervised release on Count Two; both terms to run

concurrently. The defendant completed his term of imprisonment while at the Cordova Center. On March 17, 2006, the defendant released from the Cordova Center and immediately commenced his three-year term of supervised release. At the time of the defendant's release from the Cordova Center, the defendant was employed at both Sullivan's Steakhouse and the Alaska Club and had secured a residence in the community. While on supervision the defendant maintained employment, but has struggled with maintaining a permanent residence, having moved three times, and having failed to report or appear for a number of urinalysis tests.

On April 10, 2007, the defendant provided a urine specimen for testing at the probation office, which tested positive for the presence of cocaine; laboratory results confirmed the initial test results. The defendant admitted to consuming both cocaine and alcohol and signed an Admission of Drug Use (attached). Further, the defendant and his girlfriend have recently separated, which has necessitated the defendant's need to obtain a new residence.

On May 14, 2007, the Court modified the offender's conditions to require his residence at the Residential Reentry Center (RRC) for a period of 90 days.

On April 19, 2008, the offender again submitted a urine sample, which tested positive for the presence of cocaine. On April 23, 2008, the offender was referred to the Salvation Army Clithroe Center (SACC) for an assessment.

On May 27, 2008, the offender signed an admission form indicating that he used cocaine on May 23, 2008. On May 28, 2008, the SACC assessment was received and recommended that the offender complete the 24-week outpatient program plus reside at the RRC and attend their Moral Recognition Therapy (MRT) program.

On June 4, 2008, the offender signed the attached probation form 49 voluntarily agreeing to modify his supervision conditions once again as stated above and stated, "I need this" and "I really want the help." The probation office respectfully requests that the Court order the modification as set forth above.

Respectfully submitted,

REDACTED SIGNATURE

for Tim Astle, District of Alaska
U.S. Probation/Pretrial Services Officer
Date: June 6, 2008

**THE COURT ORDERS:**

[ ] No Action
[X] The Modification of Conditions as Noted Above
[ ] Other:

REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge
Date: June 9, 2008

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
# for the
# DISTRICT OF ALASKA

**U.S.A. v Ronald Buckner** **Docket No. 1:03-cr-0009-RRB**

I, Ronald Buckner , have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervised release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my conditions of supervised release or to the proposed extension of my term of supervision:

> "The defendant shall reside at the Residential Reentry Center (i.e. the Cordova Center) for a period up to 180 days and shall abide by the rules and regulations of the Cordova Center. Furthermore, the defendant will enter into, actively participate, and successfully complete (if possible prior to 180 days) the Moral Recognition Therapy (MRT) program offered by the facility. The defendant shall be eligible for work and treatment releases and other releases if allowed by the rules of the Cordova Center. If the defendant is able to secure a suitable residence prior to the end of the 180-day period, and be in compliance with all treatment requirements, the defendant shall be released from the Cordova Center at the discretion of the probation officer"

Signed: Ronald J Buckner
Ronald Buckner
Supervised Releasee

Date: 6-4-08

Witness: REDACTED SIGNATURE
for Timothy M. Astle
U.S. Probation/Pretrial Services Officer

Date: 6-4-08